**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAITAO PANG, | No. 06-73184 |
| Petitioner, | Agency No. A079-522-543 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES, District
Judge.[**]

The record does not compel a finding that Petitioner Haitao Pang (Pang)

established a well-founded fear of persecution on account of his practice of Falun

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert Clive Jones, United States District Judge for
the District of Nevada, sitting by designation.

Gong that is "both subjectively genuine and objectively reasonable." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004) (citation omitted).

Pang waived any argument that his mistreatment in China constituted "past persecution" because his brief to the Board of Immigration Appeals did not challenge this portion of the Immigration Judge's decision. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioners seeking judicial review of removal orders to exhaust administrative remedies). Accordingly, Pang is not entitled to the presumption that his fear of persecution is well-founded. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007).

Pang satisfied the subjective component of his claim by testifying credibly "that he genuinely fears persecution[]" if he returns to China. *Id.* (citation, alteration, and internal quotation marks omitted). However, Pang failed to satisfy the objective component of his claim because he did not present "credible, direct, and specific evidence in the record, that persecution is a reasonable possibility." *Meza-Manay v. INS*, 139 F.3d 759, 763 (9th Cir. 1998) (citation omitted). The country conditions report in the record documents the Chinese government's widespread campaign against Falun Gong. This report "help[s] [Pang] establish the objective basis for his claim by placing his testimony into context, [but] cannot establish the claim independently." *Zahedi v. INS*, 222 F.3d 1157, 1163 (9th Cir.

2

2000). To establish the objective basis for his claim, Pang was required to couple this report with compelling evidence of the Chinese government's individualized interest in him. This Pang failed to do. *See Zhou v. Gonzales*, 437 F.3d 860, 867 (9th Cir. 2006) (holding that the petitioner's fear of persecution was objectively reasonable where the Chinese "police repeatedly searched residences associated with [the petitioner] in attempts to arrest her, [t]he record . . . contain[ed] copies of the search and arrest warrants, and [t]he police also told [the petitioner's] brother that the family should convince [the petitioner] to return to China").

Pang submitted no evidence demonstrating that he will continue to practice Falun Gong if he returns to China. Moreover, Pang's acquisition of "a [Chinese] passport without difficulty, in order to leave the country, [is] a fact which also cuts against [his] argument that he will be individually persecuted upon return." *Espinoza-Martinez, v. INS*, 754 F.2d 1536, 1540 (9th Cir. 1985) (citation omitted).

**PETITION DENIED**.